UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:13-cv-61671-RNS

ERIC STANLEY, individually,

     Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio
corporation and RAC ACCEPTANCE
EAST, LLC, a Delaware limited
liability company,

     Defendants.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, RAC ACCEPTANCE EAST, LLC, ("Defendant" or "RAC") hereby files its

Answer and Affirmative Defenses to Plaintiff's Complaint, and states:

### JURISDICTION

1.     RAC admits that Plaintiff has asserted jurisdiction pursuant to 28 U.S.C. § 1331

and 15 U.S.C. § 1681 *et seq*. RAC states that jurisdiction is a legal conclusion which is not

subject to denial or admission.

### VENUE

2.     With respect to Paragraph 2, RAC admits that it is a Delaware limited liability

company which transacts business in Broward County. RAC is without knowledge and therefore

denies all allegations regarding Defendant Experian. RAC further admits that Plaintiff has

asserted venue pursuant to 28 U.S.C. § 1391(b) and (c), but states that this is a legal conclusion

{00227638.1}

1

which is not subject to denial or admission. RAC denies all other allegations contained in Paragraph 2 and demands strict proof thereof.

PARTIES

3.      RAC is without knowledge as to the allegations in Paragraph 3 and therefore demands strict proof thereof. RAC further states that § 1681a(c) of the Federal Credit Reporting Act ("FCRA") and as amended in § 1692 *et seq.* speak for themselves. RAC denies all other allegations contained in Paragraph 3 and demands strict proof thereof.

4.      With respect to Paragraph 4, RAC states that Plaintiff has attempted to allege a claim pursuant to 15 U.S.C. § 1681i, a provision of the FCRA, but denies liability for same.

5.      RAC is without knowledge as to the allegations in Paragraph 5 and therefore demands strict proof thereof. RAC further states that 15 U.S.C. §1681d speaks for itself.

6.      With respect to Paragraph 6, RAC admits that it is a Delaware limited liability company that regularly conducts business in the State of Florida. RAC further states that the definition of "person" as defined by 15 U.S.C. § 1681a(b) and "furnisher of information" as defined by 15 U.S.C. § 1681 speak for themselves. RAC denies all other allegations contained in Paragraph 6 and demands strict proof thereof.

BACKGROUND

7.      RAC states that the FCRA as stated in 15 U.S.C. §1681 *et seq.* and the purpose thereof speak for themselves. RAC denies all other allegations contained in Paragraph 7 and demands strict proof thereof.

8.      RAC states that the FCRA as stated in 15 U.S.C. §1681a speaks for itself. RAC denies all other allegations contained in Paragraph 8 and demands strict proof thereof.

9.      RAC is without knowledge of the allegations contained within Paragraph 9 and

{00227638.1}

2

therefore denies same and demands strict proof thereof.

10.     RAC is without knowledge of the allegations contained within Paragraph 10 and therefore denies same and demands strict proof thereof.

11.     With respect to Paragraph 11, RAC is without knowledge as to whether Experian received any correspondence from Plaintiff and therefore denies same and demands strict proof thereof.  RAC denies that Experian sent a consumer dispute verification form or an electronic automated consumer dispute verification form to RAC and demands strict proof thereof.  RAC denies all other allegations contained in Paragraph 11 and demands strict proof thereof.

12.     RAC denies the allegations contained in Paragraph 12 to the extent it refers to RAC and demands strict proof thereof.  RAC is without knowledge as to the allegations contained in Paragraph 12 to the extent it refers to Experian and therefore denies same and demands strict proof thereof.

13.     RAC denies the allegations contained in Paragraph 13 and demands strict proof thereof.

14.     RAC denies the allegations contained in Paragraph 14 and demands strict proof thereof.  RAC further states that 15 U.S.C. §1681n speaks for itself.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY DEFENDANT EXPERIAN, 15 U.S.C. §1681e(b)

15.     Regarding Paragraph 15, RAC realleges and incorporates responses to Paragraphs 1 through 14, as if fully set forth herein.

16.     Paragraph 16 is not directed to RAC.  To the extent it is directed to RAC, RAC states that it is without knowledge as to the allegations contained in Paragraph 16 and therefore denies same and demands strict proof thereof.

{00227638.1 }

3

17.     Paragraph 17 is not directed to RAC.  To the extent it is directed to RAC, RAC states that it is without knowledge as to the allegations contained in Paragraph 17 and therefore denies same and demands strict proof thereof.

18.     Paragraph 18 is not directed to RAC.  To the extent it is directed to RAC, RAC states that it is without knowledge as to the allegations contained in Paragraph 18 and therefore denies same and demands strict proof thereof.

19.     Paragraph 19 is not directed to RAC.  To the extent it is directed to RAC, RAC states that it is without knowledge as to the allegations contained in Paragraph 19 and therefore denies same and demands strict proof thereof.

## COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY DEFENDANT EXPERIAN, 15 U.S.C. §1681i

20.     Regarding Paragraph 20, RAC realleges and incorporates responses to Paragraphs 1 through 14, as if fully set forth herein.

21.     Paragraph 21 is not directed to RAC.  To the extent it is directed to RAC, RAC states that it is without knowledge as to the allegations contained in Paragraph 21 and therefore denies same and demands strict proof thereof.

22.     Paragraph 22 is not directed to RAC.  To the extent it is directed to RAC, RAC states that it is without knowledge as to the allegations contained in Paragraph 22 and therefore denies same and demands strict proof thereof.

23.     Paragraph 23 is not directed to RAC.  To the extent it is directed to RAC, RAC states that it is without knowledge as to the allegations contained in Paragraph 23 and therefore denies same and demands strict proof thereof.

24.     Paragraph 24 is not directed to RAC.  To the extent it is directed to RAC, RAC

states that it is without knowledge as to the allegations contained in Paragraph 24 and therefore denies same and demands strict proof thereof.

**COUNT III**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(B) AGAINST DEFENDANT RAC ACCEPTANCE EAST, LLC**
**ACCOUNT 100017801655**

25.     Regarding Paragraph 25, RAC realleges and incorporates responses to Paragraphs 1 through 14, as if fully set forth herein.

26.     RAC denies the allegations contained in Paragraph 26, including subparts a. through h and demands strict proof thereof.

**COUNT IV**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(B) AGAINST DEFENDANT RAC ACCEPTANCE EAST, LLC**
**ACCOUNT 100017801656**

27.     Regarding Paragraph 27, RAC realleges and incorporates responses to Paragraphs 1 through 14, as if fully set forth herein.

28.     RAC denies the allegations contained in Paragraph 28, including subparts a. through h and demands strict proof thereof.

29.     RAC denies all allegations and requested relief contained within Plaintiff's Wherefore Clause, including subparts (a) through (f) and demands strict proof thereof.

30.     Any allegation not specifically admitted herein is hereby denied and RAC demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

31.     As a First Affirmative Defense, RAC states that Plaintiff has failed to state sufficient facts within which to state a claim upon which relief may be granted against RAC.

32.     As its Second Affirmative Defense, RAC states that Plaintiff's claims are barred

{00227638.1 }

5

pursuant to the qualified immunity of 15 U.S.C. § 1681h(e).

33.     As its Third Affirmative Defense, RAC states that Plaintiff's claims are barred because the information communicated to third parties was true.

34.     As its Forth Affirmative Defense, RAC states Plaintiff's alleged damages, if any, were the results of acts or omissions by other third parties not under the control or responsibility of RAC.

35.     As its Fifth Affirmative Defense, RAC states that Plaintiff's own actions or negligence was the sole cause of or contributed to Plaintiff's alleged damages and therefore Plaintiff's recovery, if any, should be barred or reduced accordingly.

36.     As its Sixth Affirmative Defense, RAC states that Plaintiff failed to mitigate his damages and therefore any recovery should be barred or reduced accordingly.

37.     As its Seventh Affirmative Defense, RAC states that Plaintiff is barred, in whole or in part, from recovery pursuant to the doctrine of unclean hands.

38.     As its Eighth Affirmative Defense, RAC states that Plaintiff failed to satisfy or meet all conditions precedent to filing this action.

WHEREFORE, Defendant, RAC ACCEPTANCE EAST, LLC, respectfully request that this Court dismiss Plaintiff's Complaint, grant RAC costs and attorney's fees incurred in defense of this matter and grant such other relief as the Court deems just and proper.

Date:  October 1, 2013.

Respectfully submitted,

*/s/ Dena B. Sacharow*
Dena B. Sacharow, Esq.
Florida Bar No.: 84640
Wendy J. Stein, Esq.
Florida Bar No.: 389552
dena.sacharow@kellerlandsberg.com
wendy.stein@kellerlandsberg.com
KELLER LANDSBERG PA
500 East Broward Boulevard, Ste. 1400
Fort Lauderdale, FL  33394
Tel:   (954) 761-3550
Fax:   (954) 525-2134

*Counsel for Defendant, RAC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send the foregoing to: **Matthew J. Militzok, Esq.,** MILITZOK & LEVY, P.A., *Counsel for Plaintiff,* The Yankee Clipper Law Center, 3230 Stirling Road, Suite 1, Hollywood, FL 33021, ph: 954-727-8570, fx: 954-241-6857, E-mail: mjm@mllawfl.com; **Maria H. Ruiz, Esq.,** Kasowitz, Benson, Torres & Friedman LLP, *Counsel for Defendant/Experian,* 1441 Brickell Avenue, Suite 1420, Miami, FL 33131; ph: 786-587-1044, fx: 305-675-2601; Email: MRuiz@kasowitz.com.

By:   */s/ Dena B. Sacharow*
Dena B. Sacharow
Florida Bar No.: 84640
Wendy J. Stein, Esq.
Florida Bar No.: 389552
*Counsel for Defendant, RAC*

{00227638.1}

Keller Landsberg PA
Broward Financial Centre, 500 E. Broward Boulevard, Suite 1400, Fort Lauderdale, FL  33394